

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 25, 1953

Hon. G. F. Williams          Opinion No. S-11.
Firemen's Pension Commissioner
702 Tribune Building
Austin, Texas                Re: Eligibility of the Texas
                                 Municipal Retirement System
                                 to receive funds appropriated
                                 for the Firemen's Relief and
Dear Sir:                        Retirement Fund.

          Reference is made to your request for an opinion
which reads in part as follows:

          "I have a problem with a local pension
     board on which I shall have to request your
     advice or ruling.  It concerns a full-paid
     Fire Department whose firemen have been
     participating in the State Firemen's Pension
     System since the beginning, when the Pension
     Law was enacted.  . . .

          "On September 16, 1952, I was notified
     that they had transferred all of their funds
     to the Municipal Retirement System on March
     10, 1952.  On September 11, 1952, they returned
     a State Warrant . . . which had been mailed
     to the Secretary of the Firemen's Pension
     Board of their city.  They requested that I
     change payee on the warrant from the 'Secretary,
     Firemen's Relief and Retirement,' to the 'Texas
     Municipal Retirement System.'  . . .

          "I would appreciate very much if you
     would furnish me your ruling as to what authority
     I have to take action in the matter."

          Chapter 125, Acts of the 45th Legislature,
Regular Session 1937, Page 229 (codified as Article
6243e, V.C.S.) provided for the establishment of the
Firemen's Relief and Retirement Fund.  Section 2 of
Article 6243e, levied an occupation or license tax on
insurance companies with the major portion of the funds
received from this tax to be deposited in the Firemen's
Relief and Retirement Fund.

The tax on fire insurance premiums was held unconstitutional by American Alliance Ins. Co. v. Board of Ins. Com'rs., 126 S.W.2d 741 (Tex. Civ. App. 1939, error ref.), as violating the due process and equal protection provisions of the State and Federal Constitutions and impinging on the powers and duties of the Board of Insurance Commissioners. Since this holding, the Legislature has appropriated biennially from the General Revenue Fund to finance the Firemen's Relief and Retirement Fund.

The Texas Municipal Retirement System, on the other hand, was set up by the Legislature as a self-sustaining agency. Acts 50th Leg., R.S. 1947, Ch. 75, page 108. Section 4(b)4 of Chapter 75 provided:

"The Legislature shall never make an appropriation to pay any of the cost of this system."

However, Section 10 of the same act provided:

"When the members of the Fire Department of a municipality by their election and with the consent of their employer become participants of this municipal system upon the voluntary application of the employing municipality the Funds, if any, of the 'Firemen's Relief and Retirement Fund' of such municipality and all future payments to such Fund may be transferred to the Board and credited to its Prior Service Reserve Fund.

"All distributions and payments which could be made annually to a 'Firemen's Relief and Retirement Fund' for the firemen of any participating municipality, if the firemen of such municipality were not covered by this or some other Pension or Retirement System or if such participating municipality has or had taken the proper steps to secure such funds, shall be paid over to the Board and credited for the benefits of such firemen as the Board shall direct."

Section 4 and Section 10 of Chapter 75 were clearly conflicting in nature. While providing that the Legislature should never appropriate funds to pay any of the cost of the Texas Municipal Retirement System, the act also provided that funds otherwise payable to a

Firemen's Fund should be paid to the Municipal Retirement System.

The 51st Legislature amended the above statute relating to the Municipal Retirement System. In the amended act the prohibition against legislative appropriations to the Municipal Retirement System was deleted. Acts 51st Leg., R.S. 1949, Ch. 24, p. 24 (codified as Article 6243h, V.C.S.). The Legislature in the same act appropriated $50,000.00 for that system as a loan. Section 10 relating to payment to the Municipal Retirement System of amounts from the Firemen's Relief and Retirement Fund was re-enacted by the Legislature as Section XI of the amended act.

It is our opinion that Section XI of Article 6243h, V.C.S., insofar as it concerns State funds, is unconstitutional as it violates Article III, Section 51f of the State Constitution, which provides:

"The Legislature of this State shall have the authority to provide for a system of retirement and disability pensions for appointive officers and employees of cities and towns to operate statewide or by districts under such a plan and program as the Legislature shall direct and shall provide that participation therein by cities and towns shall be voluntary; provided that the Legislature shall never make an appropriation to pay any of the cost of any system authorized by this Section."

Hence you would not be authorized to make a payment to the Municipal Retirement System from funds appropriated by the Legislature for the Firemen's Relief and Retirement Fund.

### SUMMARY

Under the facts submitted, the Firemen's Pension Commissioner is not authorized to certify a payment to the Municipal

Hon. G. P. Williams, page 4 (S-11).

Retirement System from the Firemen's
Relief and Retirement Fund appropriation.

APPROVED:

Rudy G. Rice
State Affairs Division

Willis Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By ~John Davenport~

John Davenport
Assistant